Contracts; disputes; limitation of actions; accrual of cause of action. — On February 1, 1980 the court entered the following order:
*599 Before Kashiwa, Judge, Presiding, Kunzig and Bennett, Judges.
Plaintiff had a contract with defendant for construction of bank protection works along the Willamette and Columbia Rivers in Oregon. Defendant’s contracting officer terminated plaintiff in 1962 for insufficient progress. Subsequently, plaintiff sought and received administrative review. Eventually, in 1978, plaintiff filed suit in this court. This case is before us on cross-motions for summary judgment.
Defendant argues that plaintiffs claims are barred by the 6-year statute of limitations. 28 U.S.C. § 2501 (1976). After the contracting officer terminated his contract, plaintiff appealed the decision of the contracting officer to the Army Corps of Engineers Board of Contract Appeals. 41 U.S.C. § 321-22 (1976). It affirmed the contracting officer as to termination for default on July 16, 1964. Subsequently, the Board considered the contracting officer’s decision in regard to reprocurement costs and liquidated damages. It remanded the case as to liquidated damages on December 7, 1966. Thereafter, in January 1967, plaintiffs surety settled with defendant and paid all reprocurement costs, liquidated damages and interest.
In 1968, plaintiff filed 10 new claims that the Board eventually considered barred by its previous decisions. After the Board rendered that decision and later denied rehearing, plaintiff filed suit here on March 8, 1978.
The statute of limitations begins to run, as a general rule, when plaintiffs claims first accrue. Brownfield v. United States, 218 Ct. Cl. 477, 589 F. 2d 1035 (1978). In disputes clause cases, the claim first accrues when the mandatory administrative proceedings are completed. Crown Coat Front Co. v. United States, 386 U.S. 503 (1967); Nager Electric Co. v. United States, 177 Ct. Cl. 234, 368 F. 2d 847 (1966). Any claims plaintiff had should have been litigated in the Board’s December 1966 case settled in January 1967. While plaintiff argues that his remedies were not exhausted until a decision was made by the Board on his 1968 claims, there is no indication that those claims could not have been presented earlier. Thus, plaintiffs claims accrued when its claims were settled in January 1967. Brownfield v. United States, supra, 218 Ct.Cl. at 482- *600 83, 589 F. 2d at 1039; Midgett v. United States, 221 Ct. Cl. 171, 603 F. 2d 835 (1979). Since plaintiff filed more than 6 years beyond the time its cause of action accrued, suit here is barred. 28 U.S.C. § 2501 (1976).
Accordingly, It is ordered upon consideration of the parties’ submissions and after oral argument, that defendant’s motion for summary judgment is granted and plaintiff’s cross-motion for summary judgment is denied. The petition is dismissed.
Plaintiffs motion for rehearing was denied March 28, 1980. Plaintiffs petition for a writ of certiorari was denied October 6, 1980.